UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BALTAZAR MARTIN SANTIAGO, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:25-cv-00551-JRS-MJD ) |
| BRISON SWEARINGEN, *et al.*, | ) ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Baltazar Martin Santiago entered the United States in 2002. He is detained at the Clay County Jail at the direction of U.S. Immigration and Customs Enforcement even though an immigration judge ordered that he be released on bond. For the following reasons, the government's refusal to honor the bond determination is contrary to law and must be set aside. The petition is granted, and Mr. Martin Santiago must be released.

**I. Background**

The parties do not dispute the material facts.

Mr. Martin Santiago is a Guatemalan national. He entered the United States in 2002 and has resided in the United States ever since. Dkt. 1 ¶ 34.

Mr. Martin Santiago first interacted with immigration officials in January 2019, when they detained him, initiated removal proceedings, and then released him. Dkt. 9-1. There is no indication that Mr. Martin Santiago ever violated the terms of his release.

ICE Officers arrested Mr. Martin Santiago on July 16, 2025, before a hearing in Jackson County Superior Court on a reckless driving charge. He has remained in ICE custody ever since and is currently detained at the Clay County Jail. Dkt. 1 ¶ 38.

On August 10, Immigration Judge Lucy Billings ordered that Mr. Martin Santiago be released from custody on a $7,500 bond. Dkt. 1-1. ICE issued a notice—signed and dated August 8, 2025, two days before the bond order was issued—that it intended to appeal the bond determination and exercise its authority under 8 C.F.R. § 1003.19(i)(2) to stay the bond order pending appeal. Dkt. 9-2 at 40. ICE did not actually file its appeal until August 22. Dkt. 9-2 at 10.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Martin Santiago asserts that his continued detention despite Judge Billings' bond order violates the Fifth Amendment's guarantee of due process. Mr. Martin Santiago also argues that ICE's application of the automatic stay must be set aside under the Administrative Procedure Act because the regulation itself exceeds lawful authority and because its application is capricious. 5 U.S.C. § 706(2).

The Court need not reach Mr. Martin Santiago's due process argument. The automatic stay provision exceeds the authority delegated by Congress. If it did not, Mr. Martin Santiago's continued detention would nevertheless be unlawful because ICE's execution of the automatic stay in this case does not comply with the requirements of the regulation. ICE's actions in this case are contrary to the regulation. Accordingly, ICE's invocation of the automatic stay must be set aside, and Mr. Martin Santiago must be released pursuant to the bond order.

### A.     Detention Under 8 U.S.C. § 1225

The respondents ask the Court to disregard the automatic stay question and find that their detention of Mr. Martin Santiago is lawful because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). That provision directs that aliens who are applicants for admission to the

United States and who are "not clearly and beyond a doubt entitled to be admitted" must be detained for the duration of a removal proceeding. By contrast, 8 U.S.C. § 1226(a) grants the Attorney General discretion to arrest aliens and either detain them or release them on bond pending a decision on removal.

Whether or not Mr. Martin Santiago *should* be detained pursuant to § 1225, he is currently being detained within the purview of § 1226. Mr. Martin Santiago was arrested by ICE in Indiana in July, an action contemplated by § 1226(a). He was taken before an Immigration Judge in August, and she exercised her discretion to order him released on bond—an order that can come only from § 1226(a). ICE may argue in its appeal to the BIA that Judge Billings' bond determination was incorrect or even that it exceeded her authority. ICE may not, however, detain Mr. Martin Santiago in defiance of her bond order because it believes her interpretation of the law is wrong.

Indeed, this finding is consistent with the respondents' own insistence that "the proper forum for seeking review of the Immigration Judge's decision" is "the BIA and then with the Seventh Circuit." Dkt. 9 at 10. Through § 1226(a), Congress designated the Attorney General to determine whether aliens are eligible for bond during removal proceedings. The Attorney General's designee, Judge Billings, found that Mr. Martin Santiago's detention was governed by § 1226(a) and ordered that he be released on bond. If ICE wishes to challenge that decision, it may do so in the BIA. It may not usurp the Attorney General's authority by determining unilaterally that § 1225 requires Mr. Martin Santiago's detention and holding him in defiance of the bond order.[1]

---

[1] The United States Court of Appeals for the Seventh Circuit recently rejected the government's broad application of § 1225 and its mandatory detention provision to aliens who have already entered the United States and been apprehended in the interior rather than at the border. *Castañon Nava v. U.S. Dep't of Homeland Security*, --- F.4th ---, 2025 WL 3552514, at *8–10 (7th Cir. Dec. 11, 2025). *Castañon Nava* is not material to the resolution of this case, as the Court has determined that Mr. Martin Santiago's detention is governed by § 1226. Accordingly, the Court need not delay resolution of this case for further briefing in light of the new decision.

B.   **Lawfulness of Automatic Stay Regulation**

ICE's formal basis for continuing to detain Mr. Martin Santiago is 8 C.F.R. § 1003.19(i)(2), which states: "In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination." If an immigration judge exercises her statutory authority to grant bond under 8 U.S.C. § 1226(a)(2), the regulation dictates that DHS may not only appeal that determination, but automatically stay the determination pending appeal.

Mr. Martin Santiago asks the Court to find that the automatic stay provision is *ultra vires*—that it calls for DHS to exercise greater authority than Congress granted it. "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). "[W]hen a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024).

The automatic stay provision in the regulation is problematic because Congress granted authority to make custody and bond determinations to the Attorney General, but the regulation purports to grant DHS unilateral authority to set aside (or at least delay) the effects of those determinations. Congress did not grant DHS authority to determine whether aliens should be released on bond. The statute grants that authority to the Attorney General, 8 U.S.C. § 1226(a)(2), who redelegated it to Immigration Judges. The Department of Justice—the Attorney General's agency—also created the automatic stay regulation, 8 C.F.R. 1003.19(i)(2), and in doing so

4

purported to redelegate some of its authority to determine whether an alien should be released on bond to DHS. *See* 71 FR 57873; 66 FR 54909.

Of course, the "head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. And, "[i]n addition to the authority to delegate conferred by other law, the head of an agency may delegate" certain authorities "to subordinate officials." 5 U.S.C. § 302(b). But the automatic stay provision does not reflect the Attorney General's regulation of her employees or a delegation of her authority to subordinate officials. Rather, it reflects the Attorney General's attempt to delegate authority granted to her by Congress to a *distinct* agency. The Court is not aware of any comparable statute or precedent authorizing the Attorney General or any other official to delegate authority conferred to it by Congress to a separate agency.

Another judge in this district has already determined in *BDVS v. Forestal*, No. 1:25-cv-01968-SEB-TAB, dkt. 15 (Oct. 8, 2025), and *Campos Leon v. Forestal*, No. 1:25-cv-01774-SEB-MJD, dkt. 14 (Sept. 22, 2025), that the automatic stay regulation is *ultra vires*. In the instant case, the Court ordered the respondents to "specifically address those decisions and explain why this Court should resolve this case differently." Dkt. 4 ¶ 4. They did not do so, except to "respectfully maintain that § 1225" governs Mr. Martin Santiago's detention. Dkt. 9 at 8–9. They do not confront the question of whether the automatic stay provision is lawful or offer any reason to decide this case differently than the two that came before.

No appellate court has ruled on the legitimacy of the automatic stay provision. Judge Barker noted in *Campos Leon*, dkt. 14 at *5, that the weight of the district court decisions holds that the regulation is contrary to law. The respondents cite a contrary decision, *Rojas v.*

*Olson*, No. 25-cv-1437-bhl, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025). *Rojas* correctly notes that Congress granted the Attorney General and the Department of Justice considerable authority over immigration matters, not only in § 1226(a), but also in 8 U.S.C. § 1103. *Rojas* reasons that because Congress delegated authority over "immigration proceedings" and "appeals over bond rulings" to the Attorney General, and the Attorney General promulgated the regulation permitting DHS to automatically stay bond orders, DHS's authority must be lawful. *Id.* at 11.

While that logic is understandable, and while an appellate court might find it the better answer, the Court ultimately finds *Rojas* unpersuasive for three reasons. First, *Rojas* relies on § 1103, which draws lines between the Attorney General's and DHS's roles and authority in immigration proceedings. "The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, *except* insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon" other specified officials—including the Attorney General. 8 U.S.C. § 1103(a)(1) (emphasis added). Congress charged DHS with administering immigration matters *except* those powers and duties specifically conferred on the Attorney General. Second, Congress specifically conferred on the Attorney General the power and duty to determine when bond should be granted. 8 U.S.C. § 1226(a). That is a power conferred to the Attorney General under § 1226(a), so it is a power that cannot be exercised by DHS under § 1103(a)(1). Third, as noted above, executive officers have broad power to delegate authority *inside* their agencies. *Ortiz* assumes that executive officers may delegate authority *across* agencies without citing any authority for the proposition. Lacking such authority, the Court is not persuaded that the Attorney General may delegate power expressly delegated to her by Congress to a separate agency.

As in *BDVS* and *Campos Leon*, the Court finds that the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), exceeds congressionally delegated authority. Mr. Martin Santiago's detention therefore must be set aside under 5 U.S.C. § 706(2)(C).

C.     **Application of Automatic Stay Regulation**

If the automatic stay regulation was lawful, DHS has not abided by it in any event. According to the regulation, a bond order "shall be stayed upon DHSs filing of a notice of intent to appeal the custody redetermination (Form EOIR-43) with the immigration court *within one business day of the order*." 8 C.F.R. 1003.19(i)(2).

Judge Billings issued her bond order on August 10. Dkt. 1-1. ICE issued its EOIR-43 notice on August 8, before the bond order was issued. Dkt. 9-2 at 40. ICE did not actually file its appeal until August 22. *Id.* at 10. As a matter of fact, ICE did not comply with the requirements of the automatic stay regulation because it did not issue its notice within one business day after the bond order.

"[C]ourts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests." *Martinez Camargo v. I.N.S.*, 282 F.3d 487, 491 (7th Cir. 2002); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954) ("We think the petition for habeas corpus charges the Attorney General with precisely what the regulations forbid him to do: dictating the Board's decision. [W]e object to the Board's alleged failure to exercise its own discretion, contrary to existing valid regulations."); *Samirah v. Holder*, 627 F.3d 652, 665–65 (7th Cir. 2010) (applying *Accardi*; finding that, after agency chose to limit its discretion through issuance of regulations, it was required to comply with those regulations).

Therefore, even if ICE has authority to continue detention by automatically staying a bond determination, it did not do so lawfully in this case. ICE's continued detention of Mr. Martin

Santiago contrary to its own rules must be set aside pursuant to 28 U.S.C. § 2241 and 5 U.S.C. § 706(2).

### III. Conclusion

Mr. Martin Santiago's petition for a writ of habeas corpus is **granted**. The respondents will have **48 hours** to notify the Court that he has been released from detention consistent with Judge Billings' bond order. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 12/23/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kristen Elizabeth Coffey
Panyard Holton Immigration LLC
kristen@panyardholtonimmigration.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov